MERANZE AND KATZ, P.C.                    Attorneys for Plaintiff
BY:    David A. Gaudioso, Esquire   (ID# 65719)
The North American Building
121 S. Broad Street, 13th Floor
Philadelphia, PA 19107
(215) 546-4183

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 81, AFL-CIO<br>431 Wyoming Avenue<br>Scranton, PA 18503<br><br>and<br><br>WILLIAM IACONO, Fund Administrator for the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 81, AFL-CIO HEALTH & WELFARE AND ANNUITY FUNDS<br>431 Wyoming Avenue<br>Scranton, PA 18503<br><br>                 Plaintiffs,<br>   v.<br><br>KINBACK CORPORATION<br>1204 South Main Avenue<br>Scranton, PA 18504<br>                 Defendant | **CIVIL ACTION**<br><br>**No.**<br><br><br><br>**Electronically Filed 6/18/07** |

## COMPLAINT

### PARTIES

1.     Plaintiff International Brotherhood of Electrical Workers Local Union No. 81, AFL-CIO ("Local 81" or "Union") is an unincorporated labor organization within the meaning of §301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. §185, with its principal office located at 431 Wyoming Avenue, Scranton, PA 18503.  Local 81

brings this action on its own behalf and on behalf of Local 81 members who are employed by Defendant A.C. Maintenance Corp.

2. Plaintiff, William Iacono ("Iacono") is the administrator for the International Brotherhood of Electrical Workers Local No. 81, AFL-CIO Health & Welfare and Annuity Funds (hereinafter "Local 81 Funds" or "Union Funds"), employee benefit plans within the meaning of §3(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §1002(3), with a principal office located at 431 Wyoming Avenue, Scranton, Pennsylvania 07753. Iacono brings this action on behalf of the Local 81 Funds and on behalf of employees who are participants in and beneficiaries of the Funds.

3. Defendant Kinback Corporation ("Kinback") is believed and therefore averred to be a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant Kinback is registered to do business or otherwise performs substantial business in the Commonwealth of Pennsylvania out of its headquarters located at 1204 South Main Avenue, Scranton, Pennsylvania. Kinback is an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5) and §2(2) and §301 of the Labor Management Relations Act of 1947 ("LMRA") 29 U.S.C. §§152(2) and 185.

**JURISDICTION AND VENUE**

4. Jurisdiction of the Court is invoked pursuant to §301 of the LMRA, 29 U.S.C. §185, §502 of ERISA, 29 U.S.C. §1132 and 28 U.S.C. §1337 providing for original jurisdiction in the District Courts of the United States in Civil Actions that arise out of an Act of Congress regulating commerce.

5. Venue in the United States District Court for the Middle District of Pennsylvania is proper pursuant to Section 502(e)(2) of ERISA since the Plaintiff Funds are administered in the Middle District of Pennsylvania.

**FACTS**

6. At all times material hereto, Defendant Kinback and Local 81 have been parties to a collective bargaining agreement covering Defendant's operations.

7. Pursuant to this agreement, Defendant is required to remit contributions to various Union Funds on behalf of its employees who perform work under the collective bargaining agreement with Local 81.

8. Pursuant to the terms and conditions of the Collective Bargaining Agreement and Local 81 Funds' Statement of Police for Collection of Delinquent Contributions, Defendant Kinback is obligated to submit Monthly Payroll Summary Reports detailing, for each employee: the gross wages paid, the regular and overtime hours worked each week, and calculations of the total amount due and owing to Local 81 and the Local 81 Funds.

9. Defendant Kinback has failed and refused to submit its monthly payroll summary reports for the month of May, 2007 and has failed to pay its contractually obligated contributions to Local 81 and the Local 81 Funds for the same month.

10. Pursuant to the terms and conditions of the Collective Bargaining Agreement and Local 81's Statement of Policy for Collection of Delinquent Contributions, which is binding upon Defendant Kinback, Plaintiffs are entitled to compel Defendant to undergo an audit to determine the actual amount of funds due and owing to Local 81 and the Local 81 Funds based upon the number of hours worked by each of Defendant's employees during the months at issue.

11. Pursuant to the terms and conditions of the Collective Bargaining Agreement and Local 81's Statement of Policy for Collection of Delinquent Contributions, which is binding upon Defendant Kinback, Defendant must also remit interest penalties for untimely payment of contributions which is assessed at nine percent of the late payments, liquidated damages in the amount of twenty percent of the unpaid contributions, an additional late penalty assessed at nine percent of the late penalty, and all reasonable attorneys fees and costs incurred in collecting the above-referenced delinquent contributions.

12. Defendant has been duly notified of said assessments but has failed to respond in any manner and refused to make appropriate payments as required by the collective bargaining agreement for the period November, 2006 through April, 2007.

13. Said failure and refusal to remit contractually mandated contributions and assessments constitutes a willful derogation of Defendant's responsibilities to its employees who perform work pursuant to the above referenced collective bargaining agreement.

WHEREFORE, Plaintiffs, Local 81William Iacono and Local 81 Funds, seeks judgment on their own and on behalf of the members who are employees of Defendant Kinback and request relief by this Honorable Court as follows:

    a. An order compelling Defendant to submit to an audit and accounting of all amounts due to Plaintiffs based upon an examination of Defendant's payroll records

    b. Judgment in such amount as determined to be due and owing as disclosed by the aforesaid audit;

    c. Judgment for all assessed interest, liquidated damages, and penalties that is determined to be due and owing pursuant to the audit;

5

    d.    Costs and reasonable attorneys fees; and

    e.    Such other further relief as the Court deems just and proper.

                              MERANZE AND KATZ, P.C.

Date: June 18, 2007                              s/David A. Gaudioso
                                                BY:    DAVID A. GAUDIOSO, ESQUIRE